# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| AMANDO VILLARREAL HEREDIA, Plaintiff, vs. LAWRENCE, et al., Defendants. | CASE NO. 17cv1560-LAB (JMA) **RENEWED ORDER FOR SERVICE BY MARSHAL** |
|---|---|

This Court previously granted Plaintiff Amando Heredia's request for service by the U.S. Marshal Service. (ECF No. 22). Since that time, nearly 45 days have passed and there is no indication service has been attempted or completed. To eliminate any doubt as to what Plaintiff's next steps are, the Court:

1. **DIRECTS** the Clerk to issue a new summons as to Plaintiff's Complaint (ECF No. 1) upon Defendants C. BURNS, LAWRENCE, J. WILLIAMS, and E. LEDERMAN and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of the Court's previous order (ECF No. 22), a certified copy of his Complaint, and the summons so that he may serve them upon Defendants C. BURNS, LAWRENCE, J. WILLIAMS, and E. LEDERMAN. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include*

1  *an address where each Defendant may be served*, see S.D. CAL. CIVLR 4.1.c, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

    2.    **ORDERS** the U.S. Marshal to serve a copy of the Amended Complaint and summons upon Defendants C. BURNS, LAWRENCE, J. WILLIAMS, and E. LEDERMAN as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

    3.    **ORDERS** Defendants C. BURNS, LAWRENCE, J. WILLIAMS, and E. LEDERMAN, once served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

    4.    **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants C. BURNS, LAWRENCE, J. WILLIAMS, and E. LEDERMAN, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to FED. R. CIV. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. CAL. CIVLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon the Defendants, may be disregarded.

/ / /

/ / /

The Court reiterates that the underlying responsibility to serve his complaint still lies with Heredia, not the Marshal. It is Heredia's responsibility to properly identify the names and locations of the defendants so the Marshal has the information necessary to properly serve the defendants. If service is not effected on at least one Defendant by **January 31, 2019**, the Court may dismiss Heredia's complaint in its entirety.

**IT IS SO ORDERED**.

Dated: December 10, 2018

**HONORABLE LARRY ALAN BURNS**
United States District Judge