# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDO VILLARREAL HEREDIA,<br><br>              Plaintiff,<br><br>        vs.<br><br>LAWRENCE, et al.,<br><br>             Defendants. | CASE NO. 17cv1560-LAB (LL)<br><br>**ORDER EXTENDING TIME FOR SERVICE;**<br><br>**RENEWED ORDER FOR SERVICE BY MARSHAL** |

After a year of unsuccessful efforts by Plaintiff Amando Heredia to properly serve the various defendants, on October 29, 2018 this Court granted Heredia, an inmate currently incarcerated at the Federal Correctional Institution in Safford, Arizona, limited-purpose IFP status so that he could take advantage of service by the United States Marshals Service ("USMS"). Heredia completed and returned to the USMS a Form USM-285 for each defendant, and each form listed the defendant's address as the Otay Mesa Detention Center in San Diego. The USMS attempted to serve each of the defendants twice at this location, once by mail and once in person. Each of the summons were returned unexecuted by the USMS because defendants are apparently no longer employed at Otay Mesa. Dkt. 28-31.

As the Court has emphasized throughout this case, it is Heredia's responsibility to provide the correct names and addresses for each of the defendants. While the USMS

will attempt to serve individuals at the location Heredia specifies, the USMS cannot itself track down the individuals named in the complaint.  The Court understands that locating defendants is a difficult task for an incarcerated plaintiff like Heredia, and therefore finds that good cause exists to extend the time for service under FRCP 4(m).  *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir.1994).  But this case has been pending for 18 months and no defendant has yet been served, so this is the last chance.  The Court will direct the clerk to send Heredia a renewed Form 285 for each defendant.  **Heredia must complete and return these forms to the USMS within 14 days of receiving them.  He must identify the full name and current address of each defendant.  If the USMS is still unable to complete service based on the information provided, this case will be dismissed without prejudice**.  *See Ponce v. Gale*, 2014 WL 7381735, at \*5 (C.D. Cal. 2014) ("If service cannot be accomplished due to the *pro se* plaintiff's 'neglect' or 'fault,' including the plaintiff's failure to provide sufficient information to identify or locate the defendant, dismissal is appropriate.").

Accordingly, the Court:

1.       **DIRECTS** the Clerk to issue a new summons as to Plaintiff's Complaint (ECF No. 1) upon Defendants C. BURNS, LAWRENCE, J. WILLIAMS, and E. LEDERMAN and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant.  In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint, and the summons so that he may serve them upon Defendants C. BURNS, LAWRENCE, J. WILLIAMS, and E. LEDERMAN.  Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, include a current address where each defendant may be served, follow the instructions the Clerk provides in the letter accompanying his IFP package, **and return the forms to the USMS within 14 days of receipt.**

2.       **ORDERS** the U.S. Marshal to again serve a copy of the Complaint and summons upon Defendants C. BURNS, LAWRENCE, J. WILLIAMS, and E. LEDERMAN as directed by Plaintiff on the USM Form 285s provided to him.  All costs of that service

1  will be advanced by the United States.  *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

2  **The USMS shall attempt to serve the defendants within 14 days of receiving the**

3  **forms from Heredia.**

4         3.      **ORDERS** Defendants C. BURNS, LAWRENCE, J. WILLIAMS, and E.

5  LEDERMAN, once served, to reply to Plaintiff's Complaint within the time provided by the

6  applicable provisions of Federal Rule of Civil Procedure 12(a).   *See* 42 U.S.C.

7  § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply

8  to any action brought by a prisoner confined in any jail, prison, or other correctional facility

9  under section 1983," once the Court has conducted its sua sponte screening pursuant to

10  28 U.S.C. § 1915A(b), and thus, has made a preliminary determination based on the face

11  on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits,"

12  Defendants are required to respond).

13         4.      **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to

14  serve upon Defendants C. BURNS, LAWRENCE, J. WILLIAMS, and E. LEDERMAN, or,

15  if appearance has been entered by counsel, upon Defendants' counsel, a copy of every

16  further pleading, motion, or other document submitted for the Court's consideration

17  pursuant to FED. R. CIV. P. 5(b).  Plaintiff must include with every original document he

18  seeks to file with the Clerk of the Court, a certificate stating the manner in which a true

19  and correct copy of that document has been was served on Defendants or their counsel,

20  and the date of that service. *See* S.D. CAL. CIVLR 5.2.  Any document received by the

21  Court which has not been properly filed with the Clerk, or which fails to include a

22  Certificate of Service upon the Defendants, may be disregarded.

23         **IT IS SO ORDERED**.

24  Dated: February 27, 2019

25  **HONORABLE LARRY ALAN BURNS**
   Chief United States District Judge

26

27

28