# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDO VILLARREAL HEREDIA,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>LAWRENCE, et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. 17cv1560-LAB (LL)<br><br>**ORDER DENYING MOTION TO SUBSTITUTE DEFENDANTS AND FOR APPOINTMENT OF COUNSEL [Dkt. 35];**<br><br>**ORDER OF DISMISSAL** |

Currently before the Court is Plaintiff Amando Heredia's Motion for Substitution of Defendant and/or Appointment of Counsel. Dkt. 35. For the reasons below, that motion is **DENIED** and the case is **DISMISSED WITHOUT PREJUDICE** for failure to timely serve the defendants.

**1.　Failure to Serve**

Heredia, an inmate currently housed at the Federal Correctional Institute in Safford, Arizona, originally brought this *Bivens* action pro se in May 2017. The case sat idle until January 2018, when the Court instructed Heredia to show cause why the case shouldn't be dismissed for failure to prosecute. Dkt. 11. The Court later discharged the Order to Show Cause and instead issued a summons with instructions for Heredia to serve each of the Defendants, all of whom appear to be federal officers. Dkt. 12.

- 1 -

Although Plaintiff was proceeding pro se, he was not proceeding *in forma pauperis* ("IFP") and therefore could not, under normal circumstances, take advantage of service by the U.S. Marshals Service ("USMS").

Three months after the Court discharged the OSC, Heredia filed a certificate of service with the Court indicating that he had mailed the summons and a copy of the complaint to Defendants "by and through their Attorney The Federal Bureau of Prisons, Western Regional Office Counsel, 7338 Shoreline Dr., Stockton, California 95219." Dkt. 17. Noting that this was an improper method of service on a federal officer, the Court again instructed the clerk to issue an updated summons and gave Heredia instructions to properly serve the defendants under Federal Rule of Civil Procedure 4. Dkt. 18. Given that the case had been pending more than a year by that time, the Court warned that failure to timely serve the defendants would lead to dismissal of his case.

Heredia responded that he was unable as an inmate to properly serve any of the defendants himself, so he requested that the Court grant him IFP status. Dkt. 21. Recognizing the difficulty of his situation, the Court granted Heredia limited-purpose IFP status so that he could take advantage of service by the USMS. It cautioned, though, that the underlying responsibility to provide the USMS with the information necessary to identify and serve the Defendants still rested with Heredia—although the USMS would serve the defendants at the addresses listed, neither the USMS nor the Court could assist in uncovering the identity or location of the Defendants. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir.1994), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472, 483–85 (1995). The Court ordered Heredia to complete the required paperwork and instructed the USMS to attempt service based on the information he provided.

After some delay, the USMS returned the summons unexecuted on February 22, 2019, noting that none of the defendants were still employed at CCA Otay Mesa, the location Heredia had identified. Dkts. 28-31. Despite the case being more than 18 months old, the Court again found good cause to extend the time for service and directed the clerk to provide Heredia with renewed forms so that he could give the USMS updated

1 addresses for the defendants. Dkt. 32. The Court cautioned, as it had before, that his failure to provide information sufficient to serve the defendants would lead to dismissal of his case.

Instead of completing the renewed forms so that the USMS could again attempt to serve the defendants, Heredia has now filed a motion for miscellaneous relief, arguing that he is unable to produce addresses for the defendants. Dkt. 35. He suggests that because he is an inmate the burden should be on the USMS or the Court to locate the defendants. While the situation Heredia finds himself in is not an enviable one, the Court has repeatedly informed him that it is his responsibility to "furnish the information necessary to identify the defendant[s]." *Walker*, 14 F.3d at 1422. The USMS does its best to effect service as instructed, but it does not have the ability to track down every defendant named in a complaint if the information provided by the plaintiff is faulty.

A "marshal's failure to effect service is automatically good cause" to extend the time for service, but this rule presupposes that the plaintiff intends to provide the USMS with information necessary to remedy that failure. *Id.; see also Puett v. Blandford*, 912 F.2d 270, 274 (9th Cir. 1990) ("[R]eliance on the U.S. Marshal does not mean that a plaintiff may remain silent and do nothing to help effectuate service: [a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge.") (internal citations and quotation marks omitted). Where, as here, the case has been pending for nearly two years and the plaintiff has made clear that he does not intend to supplement the faulty information provided, the Court has no choice but to dismiss the action. *See Ponce v. Gale*, 2014 WL 7381735, at *5 (C.D. Cal. 2014) ("If service cannot be accomplished due to the pro se plaintiff's 'neglect' or 'fault,' including the plaintiff's failure to provide sufficient information to identify or locate the defendant, dismissal is appropriate."). Accordingly, this case is **DISMISSED WITHOUT PREJUDICE** for failure to timely serve the defendants. FRCP 4(m).

/ / /

### 2. Motion to Substitute Defendant

Unable to properly serve the defendants, Heredia also moves to have the USMS substituted in as a defendant. In his view, the USMS is liable because it is unable or unwilling to locate the defendants.

The Court granted Heredia limited-purpose IFP status based on his inability to properly serve the defendants on his own; this designation, which was a courtesy and not a matter of right, was made so that he could take advantage of service by the USMS. The marshal's good-faith attempt to serve the defendants as instructed does not render the agency liable for damages when it cannot serve the defendants based on the information provided.

Further, while FRCP 15(a) allows liberal amendment of pleadings, it does not require Court to permit amendments where those amendments would be futile. *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018). Here, because the USMS was carrying out its functions as ordered by the Court, it enjoys qualified immunity and would not be liable to Heredia. *Brooks v. Clark County*, 828 F.3d 910, 917-18 (9th Cir. 2016). Adding the USMS as a defendant would be futile, so the request to substitute defendants is **DENIED**.

### 3. Motion to Appoint Counsel

Finally, Heredia requests that the Court appoint counsel so that an attorney may locate and serve the defendants on his behalf. Counsel in civil cases may be appointed only in "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal citations omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (internal citation omitted).

No extraordinary circumstances are found here. First, the factual record is not sufficiently developed such that the Court could determine whether Heredia is likely to

prevail on the merits.  Second, there is nothing extraordinary about an inmate's inability to properly serve defendants in a civil rights action—indeed, this inability to serve is a "difficult[y] which any litigant would have proceeding *pro se*; [it] do[es] not indicate exceptional factors."  *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). Heredia's request for appointment of counsel is **DENIED.**

    4.    **Conclusion**

For the reasons above, this action is **DISMISSED WITHOUT PREJUDICE** for failure to properly serve the defendants.  FRCP 4(m).  Plaintiff's requests for substitution of defendant and appointment of counsel are **DENIED.**  Dkt. 35.  The clerk is directed to close the case.

**IT IS SO ORDERED**.

Dated: March 22, 2019

**H**ONORABLE **L**ARRY **A**LAN **B**URNS
Chief United States District Judge